Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3685 | **DATE** | 4/11/2001 |
| **CASE TITLE** | Sprandel vs. Draper and Kramer, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment [31] is granted and this case is dismissed in its entirety. Enter judgment in favor of defendant Draper and Kramer, Inc. and against plaintiff Ronald J. Sprandel.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 13 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 39 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | DOCKETING 01 APR 12 AM 9:15 | | |
| MD7 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RONALD J. SPRANDEL )
)
        Plaintiff, )
)
v. ) Case No. 99 C 3685
)
DRAPER AND KRAMER, INC. )
)
        Defendants. ) Judge Joan Humphrey Lefkow

## MEMORANDUM OPINION AND ORDER

Ronald Sprandel, a former employee of defendant, Draper and Kramer, Inc., was fired from his job as a building maintenance worker on January 13, 1998, for displaying inappropriate conduct after a tenants' party in the building. He claims that defendant terminated him in violation of the Americans with Disabilities Act, 42 U.S.C.§§ 12101 *et seq.* ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C.§§ 621 *et seq.* ("ADEA"), and that defendant also failed to accommodate his disability. All defendants other than Draper and Kramer were dismissed by this court's April 27, 2000 order. Before the court is Draper and Kramer's motion for summary judgment.

Plaintiff alleges in his amended complaint that he was employed by Draper and Kramer since 1990, most recently as an Assistant Maintenance Engineer. He alleges that defendant became aware of his disability [1] on February 14, 1997, from which date plaintiff was harassed,

---

[1] The nature of plaintiff's disability is not alleged. Defendant refers to it as "manic depression."

1

and eventually terminated on February 18, 1998. Although plaintiff was told his termination resulted from "gross misconduct at an incident in December 1997," he alleges he did not commit such an offense. Another employee, his nephew, who was under age 40 and not disabled, was also charged with gross misconduct at the same event, but was suspended, not terminated.

Defendant submitted notice to plaintiff under Local Rule ("L.R.") 56.2, explaining the procedure required for responding to a motion for summary judgment and warning of the consequences of failing to comply with the rule. Nevertheless, plaintiff did not respond to the numbered material facts, or refer to parts in the record which may have supported his disagreements, and he did not submit his own additional facts and supporting material. Instead, plaintiff's response entitled "Statement to Defendant - Dispute Against Facts," fails to follow L.R. 56.1(b)(3) in responding to defendant's L.R. 56.1 Statement of Uncontested Material Facts ("Statement"). Because he is *pro se*, the court will read his response liberally. But even doing so, the court finds that plaintiff is unsuccessful at challenging any of the defendant's submissions. His comments are immaterial at best, and as defendant points out, generally argumentative and not responsive. Such statements without evidentiary support may not be considered, and plaintiff submits no evidence to support any of his claims in the complaint.[2] For the reasons stated herein, defendant's L.R. 56.1 Statement of Uncontested Material Facts is deemed admitted in its entirety, pursuant to LR56.1(b)(3)(A), and it differs dramatically from plaintiff's amended complaint. Here then, are the undisputed facts:

---

[2] Plaintiff instead attaches copies of some of the same evidence submitted by defendant, i.e., written memos from witnesses Vedra, Storey and Leonard, which support defendant's L.R. 56.1 Statement regarding the events of December 18, 1997.

2

Draper and Kramer, a property management company, manages the James-Kilmer Condominium at 1560 Sandburg Terrace in Chicago. Ronald Sprandel was employed at this condominium as a maintenance worker from November 1990 until December 18, 1997. Plaintiff knew that the following were prohibited on the premises and could be the basis for termination: smoking in a non-designated area, discourteous behavior, destruction or defacement of property, use of profane, abusive, threatening, inappropriate or unwelcome talk or conduct, being under the influence of alcohol.

On December 18, 1997, the condominium residents held a holiday party in the condominium lobby at about 5:00 p.m. Plaintiff got off work at 4:30 p.m. that day. Both he and another employee, his younger nephew Harry Gedzius, were asked to join the party by one of the residents. Plaintiff was aware that there would be a separate holiday party for building staff at a different time. The salient facts about Plaintiff's behavior at that party can be summarized as follows:

Drinking and smoking:

Plaintiff was observed drinking a glass of wine and smoking a cigar. A condominium board member, Angus Storey, asked plaintiff to refrain from accepting any alcohol and also asked him to extinguish the cigar, to which he responded, "Why? I do not see a no smoking sign." (56.1 facts, 25-28; Dep. 142-146).

Threatening behavior and language:

Angus Storey reported in writing to Hank Binswanger, the Property Manager in charge of terminations, that plaintiff put his shoe in front of his motorized wheelchair, after which plaintiff stated to Mr. Storey, " Don't fuck with me and don't fuck with my job." (56.1 Facts 31, 35-38).

3

Binswanger conducted an investigation of plaintiff's behavior, based on questioning witnesses and reading reports submitted by several persons at the tenants' party. (56.1 Facts 51-52).

According to Jack Vedra, the building condominium president, as he was leaving the party, plaintiff approached Vedra, jumped on an elevator with him and in an agitated and confrontational manner asked him why plaintiff's bonus was reduced. Vedra reported that plaintiff was speaking very loudly, slurring his words, coming very close, and jabbing his finger in Vedra's chest. (Dep. 151ff; 56.1 Facts 39-41,53).

Destruction of property:

As several tenants were leaving the party, they noticed the glass on the building announcement board was broken and that plaintiff and his nephew were observed in the area. At that time, some building residents yelled to plaintiff, "You broke that glass," to which plaintiff responded, "Leave me alone." (56.1 Facts 33 ; Dep.167ff).

Additional abusive language:

At one point, plaintiff called the condominium board members "faggots." (56.1 Facts 37).

Behavior of Harry Gedzius:

Residents reported that Harry Gedzius was not directly threatening, that he did not smoke and that he did not appear drunk. His conduct was less offensive and less abusive than plaintiff's conduct. (56.1 Facts 42-45).

After learning of the behavior of plaintiff and Gedzius at the holiday party, Binswanger suspended both men pending completion of his investigation of the events in question.

The following are also undisputed facts:

4

Plaintiff is not limited in any major life activities. Plaintiff's manic depression was not in any way a factor in the decision to terminate him. Plaintiff has no other disabilities. He never asked for nor did he need any accommodations during his employment. Plaintiff's age was not a factor in the decision to terminate him, nor was the age of Gedzius a factor in the decision to suspend him. Plaintiff's only evidence of age discrimination is that defendant reinstated Gedzius but terminated plaintiff. (56.1 Facts 61-91); Pl. "Statement to Defendant" 1).

## **STANDARD OF LAW**

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *O'Connor v. DePaul University*, 123 F. 3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.*, 115 F. 3d 1283, 1289 (7th Cir. 1997); *Condo v. Sysco Corp.*, 1 F. 3d 599, 601 (7th Cir. 1993). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters*, 97 F. 3d 987, 990 (7th Cir. 1996). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee*, 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gates Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

5

## DISCUSSION

<u>ADA claim</u>

In order to prove a claim for discrimination under the ADA, plaintiff must prove that defendant discriminated against him because of a disability or because he suffers from an impairment which substantially limits a major life activity. *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 481 (1999). Only those impairments that substantially limit a major life activity are covered by the ADA. *Id.*; 42 U.S.C.§ 12102(2). It is clear at the onset that plaintiff, by his having failed to controvert defendant's Rule 56.1 Statement, has conceded that he does not have an impairment that substantially limits a major life activity and was not regarded as having such a disability, nor did he have a record of having a disability. Therefore, he has failed to meet the first part of a *prima facie* case under the ADA. 42 U.S.C.§ 12102(2). As to the second part of showing a *prima facie* case, plaintiff must show that he is qualified for the job. This issue is not in dispute, in that it is not his work performance but his behavior at an after hours tenant party, that is at issue. Although plaintiff has met his third burden, to show that he was subject to an adverse employment action, termination, he has not demonstrated a genuine issue of fact as to whether the employer's stated reason (his behavior at the tenants' party, which behavior was unrelated to any disability) was either not true or a pretext for disability discrimination. *See Lawson v. CSX Transportation, Inc.* 2001 WL 292999 *4 (7th Cir.)(describing the elements of a *prima facie* case under the ADA). The undisputed facts make clear that plaintiff neither had a disability as defined by the ADA nor was it a factor in his termination. Thus as a matter of law, based on the undisputed facts presented in the motion for summary judgment, defendant is entitled to a judgment of dismissal of plaintiff's ADA claim.

ADEA claim

Plaintiff must first establish a *prima facie* case of discrimination under the ADEA. He must show that he is over 40; that he performed his job satisfactorily; that he suffered an adverse employment action, in that he was terminated; and that a substantially younger similarly situated employee was treated more favorably. *See Debs v. Northeastern Illinois University*, 153 F. 3d 390, 395 (7th Cir. 1998) (explaining factors required to prove a *prima facie* case under the ADEA). According to the undisputed facts, plaintiff's nephew Harry Gedzius, who is substantially younger than plaintiff and who was not terminated, did not commit the same offensive acts as plaintiff (he was charged with inappropriate and threatening conduct toward a handicapped person, but no other misconduct) and was suspended instead of terminated. Plaintiff, on the other hand, was charged with insubordination and improper conduct involving a unit owner, which charges included a list of offenses not charged against Gedzius. Again, the plaintiff has failed to demonstrate any issue of fact that would indicate that plaintiff's age was a factor in his termination or that the reason given by defendant was a mere pretext for age discrimination. To do this, he must show that the reasons were factually baseless, were not the actual motivation for the termination, and that a reasonable inference could be drawn that his age was the true reason. Thus, as a matter of law defendant is entitled to judgment in its favor.

## **CONCLUSION**

It is therefore ordered that defendant's motion for summary judgment is granted [#31], and this case is dismissed in its entirety.

ENTER:

_____
Judge Joan H. Lefkow

UNITED STATES DISTRICT COURT

DATED: April 11, 2001